[No. 35350. Department One. January 28, 1960.]

HERBERT WINCHELL GUY, *Petitioner*, v. MARJORIE REID GUY, *Respondent and Relator*, THE SUPERIOR COURT FOR KING COUNTY, *Eugene A. Wright, Judge, Respondent.*[1]

*Summers, Bucey & Howard* and *Thomas F. Paul*, for petitioner.

*Heckendorn & McNair* and *James C. Young*, for respondent and relator.

HUNTER, J.—This is a review by certiorari of an order granting a petition for a writ of *habeas corpus* by the superior court for King county.

The petition for the writ of *habeas corpus* was based on a divorce decree obtained in the state of Indiana on a cross-complaint of Herbert W. Guy, granting to him the custody of the minor child of the petitioner and respondent. His

[1] Reported in 348 P. (2d) 657.

petition alleges that the superior court of Marion county, state of Indiana, while possessing jurisdiction of the parties and the subject matter, entered a final decree of divorce granting to him an absolute divorce from the respondent and the complete custody of the child. Also, that the divorce action had been instituted by the respondent, with petitioner Mr. Guy filing an amended cross-complaint for divorce and custody of the child; that during the pendency of the divorce action, but before entry of the decree, respondent willfully and wrongfully took the child from Indiana into Washington; that the child was and now is a resident of the state of Indiana, and by virtue of the decree the petitioner was entitled to custody of the child. Further, that the child was being held by respondent, and that such holding was wrongful and unlawful.

A motion to dismiss by respondent was denied and a demurrer to the petition was overruled. Respondent filed her return to the writ of *habeas corpus*, interposing two affirmative defenses and cross-petitioning for a modification of the Indiana decree as to the custody provisions. The petitioner demurred to the affirmative defenses and cross-petition. The demurrer was sustained. The court heard testimony of the petitioner and respondent, and concluded that full faith and credit should be granted to the decree of a sister state, that the petitioner was entitled, under the decree, to immediate and absolute custody of said child, whereupon it entered an order granting the petition. The order provided it was to be ineffective until 9:00 a. m., October 6, 1959, to give respondent an opportunity to have the action of the court reviewed by writ of certiorari. The writ was issued by this court on October 5th, and the review of the order is now before us.

The relator's assignments of error raise only one issue essential to the determination of this review. Did the court err in sustaining the petitioner's demurrer to the cross-petition, thereby refusing to hear on the merits the issue of modification of the custody provision of the Indiana divorce decree?

For the purpose of considering the trial court's ruling sus-

taining the petitioner's demurrer, all the facts alleged in the cross-petition are assumed to be true. The relator alleges she instituted an action for divorce in the state of Indiana in November, 1957; that she abandoned her action and came to the state of Washington in June of 1958, intending to reside permanently in this state with her child; that no appearance, pleading, or cross-complaint had been filed by the petitioner at that time; that she did not leave the state of Indiana in violation of any court order or decree; that the petitioner could have at all times determined her whereabouts by inquiring of mutual friends or her former attorney in Indiana; that she and her child have continuously resided in Seattle since coming to Washington in June of 1958; that since the entry of the Indiana decree of divorce in March of 1959, the circumstances of relator, her son, and her former husband have changed and, by reason of these changed conditions, it is for the welfare of the minor child that the Indiana decree be modified if this court should hold it to be a valid decree; that the relator is a fit and proper person to have the custody of the minor child; that she has provided a good home with proper moral and educational training for the boy; that he is now attending Rich Whitman School, a private school; that he has made many new friends in Seattle, and has developed strong social and emotional ties with them; that he attends church regularly, and the relator spends practically all of her nonworking hours with her son; that he is being taught to honor and respect his father; that the relator obtained employment as a medical secretary shortly after arriving in Seattle, has remained at that position ever since, and is able to support herself and her child; that the father is employed as a musician, spends practically every night away from home and does not come home until the early hours of the morning; that he is also employed full time as a musician during the day and is away from home almost entirely every day; and that he has furnished no support for the child since the relator moved to this state.

From the above facts it is clear, the trial court erred in sustaining the petitioner's demurrer, in the event that the trial court has jurisdiction to modify the Indiana divorce

decree. This review then narrows down to the single issue: Does the superior court for King county have jurisdiction to modify the Indiana divorce decree?

■ This question can be resolved by the application of the full faith and credit clause of the United States constitution, Art. IV, § 1, as interpreted in *New York ex rel. Halvey v. Halvey,* 330 U. S. 610, 91 L. Ed. 1133, 67 S. Ct. 903 (1947). The facts are similar to the instant case. In that case the Halveys resided in New York. Mrs. Halvey left her husband, taking their minor child, and moved to Florida. After establishing residence in that state, Mrs. Halvey commenced an action for divorce, obtaining service by publication; her husband did not appear. The day before the Florida decree was granted, Mr. Halvey, without the knowledge or approval of his wife, took the child back to New York. The Florida decree, entered the following day, granted Mrs. Halvey a divorce and awarded her the permanent care, custody and control of the child. She then obtained a writ of *habeas corpus* in the New York court challenging the legality of Mr. Halvey's detention of the child. After a hearing, the New York court modified the decree of the Florida court and entered an order providing that the child remain with the mother, but giving the father certain rights of visitation and the right to have the child during certain vacation periods. Upon review of this order, by the United States supreme court, it stated:

"So far as the Full Faith and Credit Clause is concerned, what Florida could do in modifying the decree, New York may do. Article IV, § 1 of the Constitution provides that 'Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.' Congress by the Act of May 26, 1790, c. 11, as amended, R.S. § 905, 28 U.S.C. § 687, 28 U.S.C.A. § 687, declared that judgments 'shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken.' The general rule is that this command requires the judgment

of a sister State to be given full, not partial, credit in the State of the forum. See Davis v. Davis, 305 U. S. 32, 59 S. Ct. 3, 83 L. Ed. 26, 118 A. L. R. 1518; Williams v. State of North Carolina, 317 U. S. 287, 63 S. Ct. 207, 87 L. Ed. 279, 143 A. L. R. 1273. But a judgment has no constitutional claim to a more conclusive or final effect in the State of the forum than it has in the State where rendered. . . . Whatever may be the authority of a State to undermine a judgment of a sister State on grounds not cognizable in the State where the judgment was rendered (Cf. Williams v. State of North Carolina, 325 U. S. 226, 230, 65 S. Ct. 1092, 1095, 89 L. Ed. 1577, 157 A. L. R. 1366), it is clear that the State of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered.

"In this case the New York court, having the child and both parents before it, had a full hearing and determined that the welfare of the child and the interests of the father warranted a modification of the custody decree. It is not shown that the New York court in modifying the Florida decree exceeded the limits permitted under Florida law. There is therefore a failure of proof that the Florida decree received less credit in New York than it had in Florida."

The *Halvey* case is controlling in the disposition of this review. In the instant case the Indiana court had jurisdiction to modify its decree of March 3, 1959, upon a change of conditions and circumstances of the parties. *Stone v. Stone,* 158 Ind. 628, 64 N. E. 86 (1902); *McDonald v. Short,* 190 Ind. 338, 130 N. E. 536 (1921); *Scott v. Kell,* 127 Ind. App. 472, 134 N. E. (2d) 828 (1956); *Maxwell v. Maxwell,* 127 Ind. App. 266, 138 N. E. (2d) 921 (1956).

The King county superior court had the child and both parents before it as did the New York court in the *Halvey* case. The facts are clear, as admitted by the petitioner's demurrer to the relator's cross-petition, that there has been a change in conditions and circumstances since the entry of the decree on March 3, 1959. Under the full faith and credit clause, Art. IV, § 1, of the United States constitution, as construed in the *Halvey* case, *supra,* the Washington court had at least the same right to modify this decree as did the Indiana court.

The relator was therefore entitled to a hearing on the

issue of changed conditions raised in her cross-petition; and, if sustained by the evidence, to a modification of the custody provision of the Indiana decree as, in the court's discretion, is for the best interest and welfare of the child.

The trial court erred in sustaining the demurrer to the cross-petition. The order of the trial court in granting the petition for a writ of *habeas corpus* is reversed, and the case is remanded for rehearing consistent with the views expressed in this opinion.

WEAVER, C. J., MALLERY, HILL, and DONWORTH, JJ., concur.