[No. 3106–3.   Division Three.   December 18, 1979.]

DAVE HENRY ELLIS, *Respondent,* v. LORI LEE ELLIS NICKERSON, *Appellant.*

*Dan Stormer, Richard Smith,* and *Lawrence Weiser* of
*Spokane Legal Services Center,* for appellant.

*Raymond R. Tanksley* and *Tanksley, Richard, Padden &
Derr,* for respondent.

ROE, J.—Lori and Dave Ellis were married in Missouri in
1963 and have three children, born in 1967, 1969, and 1971,
respectively. In June 1973, a Missouri divorce court having
jurisdiction over the parties granted a default divorce and
awarded custody of the children to the mother. In October
1973, the Missouri court modified the divorce decree in
regard to visitation and support, but not as to custody of
the children.

Beginning in 1974, the ex–wife and three children moved
from state to state, settling in Colorado in June 1975. Eight
months later, she was personally served at her residence in
Colorado with a summons and petition to appear in
Missouri to defend an action instituted by the ex–husband
seeking custody of the children. She consulted counsel in
Colorado and was advised not to appear in the Missouri
action. In June 1976, having heard nothing more regarding
the new Missouri action, she moved to Idaho. In April 1977,
some 13 months after having been served in Colorado, a
default decree was entered in Missouri awarding custody of
the three children to the ex–husband father. Later that
April Lori Ellis, her husband, Mr. Nickerson, and the three

children moved to Colville, Washington, where they presently reside.

Mrs. Ellis Nickerson (as referred to by her counsel) first learned of the Missouri default judgment against her when the Stevens County sheriff removed the children from her pursuant to a warrant issued in an ex parte habeas corpus action instituted by Mr. Ellis to enforce the Missouri default custody decree. However, Mrs. Ellis Nickerson was then awarded temporary physical custody of the children. Later, even though Mrs. Ellis Nickerson asked the trial court to make a custody determination based on the children's best interests, the trial court held that it had no jurisdiction in the case other than to give full faith and credit to the Missouri default judgment. Consequently, custody of the children was ordered transferred to Mr. Ellis.

Still later, the commissioner of this court stayed the trial court's order pending appellate review. Mrs. Ellis Nickerson retained custody of the children during the pendency of this case. Mr. Ellis has not seen the children in 5 years.

Mrs. Ellis Nickerson first assigns error to the trial court's conclusion that the Missouri court had jurisdiction to modify the divorce decree by changing custody. Though we have serious doubts about the assertion of jurisdiction by the Missouri court claiming children in divorce actions are continuous wards of the divorce court, thus precluding modification in another state, it is not necessary for us to reach that question in light of our decision.

Mrs. Ellis Nickerson also assigns error to the trial court's concluding that full faith and credit must be given to the Missouri modification order and hence is permanently deprived of jurisdiction to consider the merits. The United States Supreme Court has never fully answered the question of whether a state must give full faith and credit to a sister state's child custody modification order. *See Kulko v. Superior Court,* 436 U.S. 84, 56 L. Ed. 2d 132, 98 S. Ct. 1690 (1978); *Ford v. Ford,* 371 U.S. 187, 9 L. Ed. 2d 240, 83 S. Ct. 273 (1962); *Kovacs v. Brewer,* 356 U.S. 604, 2 L. Ed. 2d 1008, 78 S. Ct. 963 (1958); *May v. Anderson,* 345 U.S.

528, 97 L. Ed. 1221, 73 S. Ct. 840 (1953) (involving the initial award of custody); *New York ex rel. Halvey v. Halvey,* 330 U.S. 610, 91 L. Ed. 1133, 67 S. Ct. 903 (1947).

■ The rule in Washington is that full faith and credit need not be given to a sister state's custody decree. *Guy v. Guy,* 55 Wn.2d 571, 348 P.2d 657 (1960). In *Guy,* where the father petitioned for a writ of habeas corpus, the court held that as long as all parties were before the court, the trial court had at least the same right to modify a foreign decree as did the foreign court. The *Guy* court at pages 574–75 quoted *New York ex rel. Halvey v. Halvey, supra*:

> The general rule is that this command [U.S. Const. art. 4, § 1] requires the judgment of a sister State to be given full, not partial, credit in the State of the forum. See Davis v. Davis, 305 U. S. 32, 59 S. Ct. 3, 83 L. Ed. 26, 118 A. L. R. 1518; Williams v. State of North Carolina, 317 U. S. 287, 63 S. Ct. 207, 87 L. Ed. 279, 143 A. L. R. 1273. But a judgment has no constitutional claim to a more conclusive or final effect in the State of the forum than it has in the State where rendered. . . . Whatever may be the authority of a State to undermine a judgment of a sister State on grounds not cognizable in the State where the judgment was rendered (Cf. Williams v. State of North Carolina, 325 U. S. 226, 230, 65 S. Ct. 1092, 1095, 89 L. Ed. 1577, 157 A. L. R. 1366), it is clear that the State of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered.

*See In re Marriage of Myers,* 92 Wn.2d 113, 594 P.2d 902 (1979); *In re Marriage of Dunkley,* 89 Wn.2d 777, 575 P.2d 1071 (1978); *In re Miller,* 86 Wn.2d 712, 548 P.2d 542 (1976); *In re Marriage of Saucido,* 85 Wn.2d 653, 538 P.2d 1219 (1975); *Chandler v. Chandler,* 56 Wn.2d 399, 353 P.2d 417 (1960).

The Washington court may modify the Missouri decree in any way that the Missouri court could have modified it. *See New York ex rel. Halvey v. Halvey, supra; Guy v. Guy, supra.* This is the extent to which full faith and credit must be given to the foreign custody order. Missouri allows mod-

ification of custody for changed circumstances: *In re Marriage of M,* 541 S.W.2d 760 (Mo. App. 1976); *In re Rice,* 316 S.W.2d 329 (Mo. App. 1958). *See also Dawson v. Dawson,* 241 S.W.2d 725 (Mo. App. 1951); *Daugherty v. Nelson,* 241 Mo. App. 121, 234 S.W.2d 353 (1950). Washington courts may modify an out-of-state decree upon showing of changed circumstances if the Washington court has a jurisdictional basis to do so. *In re Marriage of Saucido, supra; In re Rankin,* 76 Wn.2d 533, 458 P.2d 176 (1969); *In re Hansen,* 24 Wn. App. 27, 599 P.2d 1304 (1979).

In *In re Rankin, supra,* the court held that the welfare of the children is the primary consideration in a child custody action, *see Schreifels v. Schreifels,* 47 Wn.2d 409, 287 P.2d 1001 (1955). Even changed circumstances are not absolutely necessary before custody will be modified if a former custody decree were entered at a default hearing. *See Klettke v. Klettke,* 48 Wn.2d 502, 294 P.2d 938 (1956); *Brim v. Struthers,* 44 Wn.2d 833, 271 P.2d 441 (1954); *White v. White,* 24 Wn.2d 52, 163 P.2d 137 (1945). *See also* Jarrett, *Jurisdiction in Interstate Child Custody Disputes,* 12 Gonz. L. Rev. 423 (1977). Neither the clean hands doctrine (*In re Mullins,* 26 Wn.2d 419, 174 P.2d 790 (1946)), because Mrs. Ellis Nickerson did not knowingly flaunt any state's custody order, nor forum non conveniens (*In re Marriage of Dunkley, supra*), because there is no action pending in another state, is a limitation on the court's jurisdiction in this case.

In *In re Marriage of Verbin,* 92 Wn.2d 171, 180–81, 595 P.2d 905 (1979), our court held that Washington courts have discretion to determine the welfare of children, noting that even if a parent brought a child into Washington in violation of a permanent and valid custody order of a sister state, the clean hands doctrine would not necessarily preclude a disposition on the merits, Uniform Child Custody Jurisdiction Act, RCW Title 26, Laws of 1979, ch. 98, § 8, p. 348. This should apply equally if the foreign state is exercising continuing jurisdiction over the parties.

The purposes of the recently adopted Uniform Child Custody Jurisdiction Act, Laws of 1979, ch. 98, § 1, p. 344, are, *inter alia,* to:

> (b) Promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child;
>
> (c) Assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state;

In this case, Mrs. Ellis Nickerson has lived in Washington for over 2 years, she has not been in Missouri since 1974, and substantial and necessary evidence would seem to be available only in Washington, where the children have been living, going to school and establishing social relationships. This gives Washington the closer and more significant connection with the evidence admissible concerning the best interests of the children.

Section 3, Jurisdiction, of the Uniform Child Custody Jurisdiction Act states at page 345:

> (1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if the conditions as set forth in any of the following paragraphs are met:
>
> (a) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state . . .; or
>
> (b) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the

child's present or future care, protection, training, and personal relationships; . . .

In section 14, Modification of custody decree of another state, the act reads at page 351:

(1) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless (a) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter or has declined to assume jurisdiction to modify the decree and (b) the court of this state has jurisdiction.

Under the facts here, the Washington courts may make a custody determination based on the best interests of the children.

In *In re Marriage of Verbin, supra* at 183, the court stated:

A Washington court may modify the custody decree of a sister state where significant facts not known to the decreeing court are shown. For example, a change of circumstances since the entry of a decree may allow a court having jurisdiction over parties and subject matter to modify the foreign decree. *State ex rel. Marthens v. Superior Court,* 25 Wn.2d 125, 169 P.2d 626 (1946). Similarly, a proceeding resulting in a default decree may have deprived the court of the opportunity to fully examine the relevant circumstances, thus allowing a court apprised of those circumstances to modify the decree to protect the best interests of the child.

The Missouri court entered its default modification order on April 5, 1977. The passage of over 2 years, the total separation of the children from their father, and the presumed integration of the mother and children with the new husband could of themselves constitute new grounds for modification.

This case is reversed and remanded for proceedings consistent herewith.

GREEN, C.J., and McINTURFF, J., concur.