[No. B024075. Second Dist., Div. Seven. Aug. 18, 1987.]

JOHN M. SOUTHWELL, Plaintiff and Appellant, v.
MALLERY, STERN & WARFORD et al., Defendants and
Respondents.

COUNSEL

Millstone, Berman & Wechsler and B. Allen Millstone for Plaintiff and Appellant.

Meyers, Bianchi & McConnell and Martin E. Pulverman for Defendants and Respondents.

OPINION

LILLIE, P. J.—Plaintiff appeals from summary judgment in favor of defendants and against plaintiff in a defamation action.

FACTS

The complaint alleged: Plaintiff is, and at all times mentioned was, a medical doctor admitted to practice medicine in California. On August 1, 1984, defendants published a press release and distributed it to various newspapers with the intention that the newspapers print the story. "The press release stated that Freda Mae Parham had sued plaintiff [] 'for negligently removing her ovaries and uterus, which tests allegedly indicated were

healthy' and that Freda Mae Parham had filed a medical malpractice lawsuit against plaintiff Dr. John Southwell 'alleging that he performed the surgery even though tests did not reveal evidence of cancer.' The press release further stated 'that plaintiff Dr. Southwell's attorney had argued the ovaries and uterus showed signs of pre-cancer.' The press release further stated that plaintiff Dr. John Southwell 'discharged [Parham] from Ontario Community Hospital even though she had a fever of 101 degrees.'" In addition to distributing the press release, defendants told newspaper reporters, "It was rather evident the hysterectomy was unnecessary." The foregoing statements are false and have a tendency to injure plaintiff in his profession. The statements were published in the Daily Report newspaper in Ontario, California, on August 2, 1984, and in the Progress Bulletin newspaper in Pomona, California, on August 5, 1984, and were read by readers of those newspapers. As a proximate result of such publication, plaintiff suffered general damages of $1 million.

Defendants' answer included the affirmative defense that the statements they were alleged to have made concerning plaintiff are true. After answering the complaint defendants moved for summary judgment arguing that "a combination of res judicata, admissions by [plaintiff] in trial testimony and discovery taken in the underlying action, and evidence uncontroverted at trial in the underlying action" establishes the truth of the entire press release.

The trial court granted the motion. Summary judgment was entered in favor of defendants and against plaintiff. This appeal ensued.

## DISCUSSION

Summary judgment is proper only when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c); see also *Isaacs v. Huntington Memorial Hospital* (1985) 38 Cal.3d 112, 134 [211 Cal.Rptr. 356, 695 P.2d 653, A.L.R.4th 1747].) Where the defendant is the moving party he must either negate a necessary element of the plaintiff's case or establish a complete defense. (*Cuenca v. Safeway San Francisco Employees Fed. Credit Union* (1986) 180 Cal.App.3d 985, 992-993 [225 Cal.Rptr. 852]; *Shields v. County of San Diego* (1984) 155 Cal.App.3d 103, 108 [202 Cal.Rptr 30].) If the moving party does not make the necessary showing, then (without consideration of triable issues of material fact) the motion for summary judgment must be denied. (*Parsons Manufacturing Corp. v. Superior Court* (1984) 156 Cal.App.3d 1151, 1157 [203 Cal.Rptr. 419].) Only if the moving party makes the necessary showing does the court examine the responding party's

papers in opposition to determine whether they create a triable issue as to a fact material to the moving party's showing. (*Ibid.*; see also *Albertini* v. *Schaefer* (1979) 97 Cal.App.3d 822, 831 [159 Cal.Rptr. 98]; *Swaffield* v. *Universal Ecsco Corp.* (1969) 271 Cal.App.2d 147, 171-172 [76 Cal.Rptr. 680].)

■ Summary judgment is an appropriate remedy when the doctrine of res judicata in its subsidiary form of collateral estoppel refutes all triable issues of fact suggested by the pleadings. (*Columbus Line, Inc.* v. *Gray Line Sight-Seeing Companies Associated, Inc.* (1981) 120 Cal.App.3d 622, 632-633 [174 Cal.Rptr. 527]; *Swaffield* v. *Universal Ecsco Corp., supra,* 271 Cal.App.2d 147, 158.) Under the collateral estoppel aspect of res judicata, the litigation and determination of an issue by final judgment is conclusive upon the parties or their privies in a subsequent suit on a different cause of action. (*Traub* v. *Board of Retirement* (1983) 34 Cal.3d 793, 798 [195 Cal.Rptr. 681, 670 P.2d 335].) ■ A party is collaterally estopped from relitigating an issue previously adjudicated if: (1) the issue necessarily decided in the previous suit is identical to the issue sought to be relitigated; (2) there was a final judgment on the merits of the previous suit; and (3) the party against whom the plea is asserted was a party, or in privity with a party, to the previous suit. (*Producers Dairy Delivery Co.* v. *Sentry Ins. Co.* (1986) 41 Cal.3d 903, 910 [226 Cal.Rptr. 558, 718 P.2d 920].) ■ "Collateral estoppel bars relitigation of an issue decided at a previous hearing only if ' "the issue necessarily decided at the previous [proceeding] is *identical* to the one which is sought to be relitigated . . . ." ' [Citation.]" (*Amador* v. *Unemployment Ins. Appeals Bd.* (1984) 35 Cal.3d 671, 684, italics added by *Amador* court.) "If 'anything is left to conjecture as to what was necessarily involved and decided' there can be no collateral estoppel [citations] . . . . '[I]t must appear . . . that the precise question was raised and determined in the former suit. . . .' " (*Eichler Homes, Inc.* v. *Anderson* (1970) 9 Cal.App.3d 224, 234 [87 Cal.Rptr. 893].)

■ For purposes of applying collateral estoppel, evidence extrinsic to the judgment roll may be used to ascertain what issues were determined in the former action. (*Sartor* v. *Superior Court* (1982) 136 Cal.App.3d 322, 327 [187 Cal.Rptr. 247].) In support of their motion for summary judgment, defendants submitted copies of portions of the reporter's transcript made at the trial of the former action against plaintiff herein. (Parham v. Southwell (Super. Ct. San Bernardino County No. OCV-23442).) In addition to the testimony of witnesses the transcript set forth the trial court's findings and rendition of judgment, viz.: "THE COURT: . . . First, the court finds that there was not adequate consent to undergo the hysterectomy on the 12th of March. The second finding is that the conduct of the defendant at the time of the discharge of plaintiff, Mrs. Parham, was below the stan-

dard of conduct required, and thus the defendant was negligent in that regard. Third, that failure to diagnose the pelvic abscess was below the standard of conduct, and thus the defendant was negligent in that regard. . . . [¶] It is now ordered that judgment be entered on behalf of Mr. Parham in the sum of $30,000 [for loss of consortium]. And it is ordered that judgment be entered on behalf of Mrs. Parham in the amount of $63,000."

■ The complaint alleged that defendants falsely stated that Freda Parham sued plaintiff for negligently removing her ovaries and uterus which showed no evidence of cancer.[1] While there was evidence in the former action that plaintiff removed Mrs. Parham's uterus despite tests which did not reveal signs of cancer therein, plaintiff testified that the uterus showed adenomyosis which is "a fairly common cause for hysterectomy among gynecologists." The trial court did not find that plaintiff was negligent in performing the hysterectomy. It found instead a lack of consent by Mrs. Parham to the surgery, thus determining in effect that plaintiff committed battery in performing the surgery. (See *Cobbs* v. *Grant* (1972) 8 Cal.3d 229, 239-241 [10 Cal.Rptr. 505, 502 P.2d 1].) It follows that an issue in the present action, i.e., whether plaintiff was negligent in removing Mrs. Parham's uterus, was not determined in the prior action and therefore is not subject to collateral estoppel. ■ We recognize that a defendant is not required to prove the literal truth of an allegedly defamatory statement in every detail, so long as the imputation is substantially true so as to justify the "gist" or "sting" of the statement. (*Emde* v. *San Joaquin County etc. Council* (1943) 23 Cal.2d 146, 160 [143 P.2d 20, 150 A.L.R. 916].) ■ However, the truth of the allegedly libelous statement that plaintiff was negligent in performing a hysterectomy on a patient whose uterus was healthy, is not established by the determination in the prior action that plaintiff performed the surgery without adequate consent of the patient. The record in the former action likewise fails to show any determination establishing the truth of defendants' allegedly defamatory statements that the hysterectomy was unnecessary, and that plaintiff's attorney argued the ovaries and uterus showed signs of pre-cancer.

Defendants were alleged to have further defamed plaintiff by stating that he discharged Mrs. Parham from the hospital even though she had a fever

---

[1] Defendants asked the trial court to take judicial notice of the record in the former action. (Code Civ. Proc., § 437c, subd. (b); Evid. Code, §§ 452, subd. (d), 453.) That action was filed in the San Bernardino County Superior Court whereas the present action was filed in the Los Angeles County Superior Court. The record does not indicate that defendants furnished the court with copies of the judgment roll in the former action so that the court could take judicial notice of the complaint therein. On their motion for summary judgment, defendants did not attempt to show that the specified allegations were made in the former action. Instead, they went a step further by attempting to demonstrate the truth of the matters which the complaint herein avers were alleged in that action.

of 101 degrees. The substantial truth of this statement is shown by the court's finding in the former action that plaintiff's conduct in discharging Mrs. Parham was below the standard of conduct required, and plaintiff thus was negligent in that regard. Summary judgment nevertheless was improper inasmuch as plaintiff is entitled to damages as to those portions of the allegedly defamatory publication which were not proved to be true. (See *Shumate* v. *Johnson Publishing Co.* (1956) 139 Cal.App.2d 121, 132 [293 P.2d 531].)

## Disposition

The judgment is reversed. Plaintiff shall recover his costs on appeal.

Thompson, J., and Johnson, J., concurred.

Respondents' petition for review by the Supreme Court was denied November 12, 1987. Mosk, J., was of the opinion that the petition should be granted.