[No. B046008. Second Dist., Div. Four. Dec. 13, 1990.]

OLSON PARTNERSHIP, Plaintiff and Respondent, v.
GAYLORD PLATING LAB, INC., et al., Defendants;
JAMES H. ZANDER, Objector and Appellant.

---

COUNSEL

James H. Zander, in pro. per., for Objector and Appellant.

Meserve, Mumper & Hughes, Douglas P. Smith and Elyn Chaum for Plaintiff and Respondent.

---

OPINION

**GOERTZEN, J.**—The trial court imposed sanctions upon appellant James H. Zander, a licensed attorney, pursuant to Code of Civil Procedure section 128.5. He appeals, asserting that, for a laundry list of reasons, the trial court abused its discretion.

Respondent The Olson Partnership (respondent) requests imposition of sanctions on appeal.

### FACTS

On March 9, 1989, respondent filed a complaint against Gaylord Plating Lab, Inc., and others for breach of lease, breach of personal guaranty, nuisance, trespass and negligence.[1] Appellant James H. Zander was the attorney representing Gaylord Plating Lab, Inc.

During the course of discovery, appellant served respondent with two sets of form interrogatories. Interrogatory 3.2 asked if respondent were a partnership and, among other things, requested the names and addresses of each general partner. Respondent answered interrogatory 3.2 affirmatively and identified only one general partner, Lloyd Olson.

Because appellant was aware that Corporations Code section 15006 defines a partnership as an association of two or more persons, he and his

---

[1]The gist of the complaint is that defendant, a metal plating company, contaminated the property it had leased from respondent, with highly toxic chemicals and heavy metals, and after two years of a five-year lease, abandoned the property. Consequently, respondent had been forced to expend sums of money to clean up the property.

client concluded that respondent was, in fact, not a partnership and, consequently, could not maintain an action as a partnership against appellant's client.

On this sole basis, appellant moved for summary judgment and to strike the complaint. The only evidence cited was respondent's response to interrogatory 3.2.

In opposition, counsel for respondent admitted that the interrogatory in question had been answered erroneously and incompletely. By declaration, respondent's counsel explained: shortly after receipt of the motion for summary judgment, he had telephoned appellant and informed him that the answer to interrogatory 3.2 was in error, that there were other general partners, and that he would be happy to provide a supplemental or amended answer to the interrogatory at issue; that he inquired if appellant would proceed with the motion for summary judgment after receiving an amended answer, and appellant answered he would "be willing to remove his motions from the calendar if they had no factual or legal basis;" that shortly thereafter, counsel for respondent had telecopied verified supplemental answers to the interrogatory to appellant's office and a cover letter, requesting confirmation that he need not respond to appellant's motion for summary judgment; that the amended answer and the cover letter were also mailed to appellant through regular mail; that having received no response, on the next day, September 15, 1989, he directed his secretary to call appellant's office; that after numerous attempts, she was unable to speak to appellant; that he then made numerous attempts to speak to appellant, only to be told repeatedly that appellant was "in a meeting;" that later that evening his office received a faxed response from appellant, wherein appellant acknowledged receiving the amended answers and saying only that he would consider the amended answers and upon completing his review would advise counsel of any change in his position vis-à-vis the motion for summary judgment.

Respondent also filed the declaration of counsel's secretary, confirming her part in the above scenario; a copy of the supplemental answers;[2] and a copy of the letter from appellant acknowledging receipt of same.

Respondent requested imposition of sanctions against appellant, asserting that he had abused the court's process by proceeding with the motions for summary judgment and to strike the complaint after being informed of the correct answer to interrogatory 3.2.

---

[2] Among other things, the supplemental answers named as general partners: Olson Family Trust, Slasor Family Trust, and Daniel J. Olson.

In response to this opposition, appellant objected to respondent's proffered evidence, asserting that even if respondent were a partnership, it had failed to file a fictitious business name statement as required by Business and Professions Code section 17913 and, consequently, was barred from pursuing this action; and that respondent's counsel's declaration was irrelevant, incompetent, conclusory and ambiguous.

The court overruled all of appellant's objections, except one which it sustained, commenting that it was "silly—it's just silly."[3] As to the objection based on failure to comply with the Business and Professions Code, the court reminded appellant that this deficiency was easily curable. Finding that, at the very least, there was an issue regarding whether respondent was a partnership, the court denied the motion for summary judgment and the motion to strike and imposed sanctions upon appellant, as an individual, in the amount of $1,085.[4]

Regarding the sanctions award, the October 2, 1989, minute order states the court's reasons as follows: "Plaintiff's motion for sanctions granted. Pursuit of this motion after counsel for defendant was advised that the interrogatory answers were incomplete and that supplemental answers would be forthcoming constitutes bad faith, frivolous conduct within the meaning of Code of Civil Procedure section 128.5. Mr. Zander's letter of 9-15-89 to Mr. Smith supports this conclusion. Mr. Zander personally, and not his firm or client, is ordered to pay to plaintiff and plaintiff's counsel the reasonable amount of fees incurred in opposing this motion, $1,085.00 payable within 30 days." The minute order reflects that notice was to be given by respondent.

---

[3] Appellant had objected to respondent's counsel's paraphrasing the grounds upon which the motions were made as violative of the best evidence rule.

[4] During the hearing on these matters, the court commented: ". . . the fundamental reason for the tentative [denying the motions and imposing sanctions] is that I think this is truly at a level of bad faith and nonsense that I rarely see in this department. [¶] The man answered an interrogatory. The lawyer answered an interrogatory. He inadvertently gave you an incomplete answer. You filed a motion for summary judgment, which was probably not the appropriate motion in the first place. Perhaps a motion to stay the proceedings or something else to clarify the status of the plaintiff's entity might have been one way to get at this. But instead you were just going to knock the whole case out . . . [¶] You made your motion for whatever reason you did. You then got a call or he tried to call you from Mr. Smith [respondent's counsel] and you had this go-round with all these conversations where he told you there had been a mistake as far as these answers to interrogatories were concerned and he sent you supplemental answers. [¶] Whether you like those supplemental answers is your problem. Whether you want to use them for impeachment value at trial, to the extent they're inconsistent with the original answers is a whole other story. And you will use them as you see fit and as is appropriate but under no stretch of the imagination do you now have a legal basis for making a motion for summary judgment on the ground that the plaintiff is not a legal entity, because the answers before me establish that it is."

The notice of ruling prepared by respondent, however, did not include the reasons for the court's imposition of sanctions.

A timely notice of appeal was filed.

### Discussion

Appellant contends that the order awarding sanctions must be reversed because it failed to specify the court's reasons as required by Code of Civil Procedure section 128.5.[5] Moreover, he asserts that the court abused its discretion because it premised the sanctions award on hypothetical circumstances and refused to allow appellant to state his objections to the supplemental answers; there was inadequate notice of the threat of sanctions; the motions for summary judgment and to strike the complaint were well made; the grounds upon which sanctions were awarded were different from those raised in the opposition; the amount of the sanctions award is not supported by substantial evidence; and the court improperly overruled his evidentiary objections to respondent's counsel's declaration.

Respondent counters that the court's minute order sets forth with specificity its reasons for imposing sanctions and fulfills the requirements of Code of Civil Procedure section 128.5 and that appellant's other contentions are unmeritorious. We agree that appellant's arguments are meritless.

■ Upon appeal from imposition of sanctions pursuant to Code of Civil Procedure section 128.5, this court will not reverse unless the trial court has abused the broad discretion it enjoys. (*Bach* v. *McNelis* (1989) 207 Cal.App.3d 852, 878 [255 Cal.Rptr. 232].) The facts of this case do not indicate such an abuse.

■■ Appellant's primary assertion of error is that the court failed to specify in writing its reasons for imposing sanctions as required by Code of Civil Procedure section 128.5. We reject this contention because to do otherwise is to honor form over function. The purpose of the statement of reasons in the court order is to insure that the offending party has sufficient notice of the grounds of the imposition of sanctions in order to allow him or

---

[5] In pertinent part, Code of Civil Procedure section 128.5 provides: "(a) Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay . . . . [¶] (b) For purposes of this section: [¶] (1) 'Actions or tactics' include, but are not limited to, the making or opposing of motions or the filing and service of a complaint or cross-complaint . . . . [¶] (2) 'Frivolous' means (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party. [¶] (c) Expenses pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or the court's own motion, after notice and opportunity to be heard. An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

her to argue against these grounds upon appeal. This requirement also allows this court to engage in a meaningful review of the sanctions award. (*Lavine* v. *Hospital of the Good Samaritan* (1985) 169 Cal.App.3d 1019, 1029 [215 Cal.Rptr. 708].)

Here, the record repeatedly informs both appellant and this court of the grounds for the court's order. The reporter's transcript reveals that the court below and appellant engaged in a lengthy dialogue about the request for sanctions. In footnote 4, *ante,* we quote from only part of this discussion. The court clearly set forth its reasons for imposing sanctions and summarized this oral explanation in its minute order.[6]

Appellant objects, noting that he did not receive a copy of the minute order until after he filed his appeal and, in any event, it is deficient. His protest is unavailing because he was present at the hearing on this matter and, as noted, engaged in a lively discussion with the court. As footnote 4, *ante,* evinces, the court could not have been more precise in its explanation of the reasons for its order imposing sanctions. In addition, it is appellant's responsibility to file a record which contains all documents pertinent to resolution of the appeal. He, not respondent, should have insured that the October 2, 1989, minute order was included in our record. Moreover, we find that minute order explains with sufficient specificity the reasons for the sanctions award to satisfy the requirements of Code of Civil Procedure section 128.5.

Next, we summarily address each of appellant's other contentions. As to alleged lack of notice and imposition of sanctions on different grounds than those raised in the moving papers, respondent's papers filed in opposition to the motions for summary judgment and to strike the complaint included a request for sanctions pursuant to Code of Civil Procedure section 128.5 and argued exactly the grounds upon which the court relied, i.e., appellant's insistence on proceeding with the motions when he had been served with amended answers.

As to the court premising the sanctions award on "hypothetical circumstances" or refusing to allow appellant to object to the supplemental answers, appellant propounds these arguments only because he allegedly does

---

[6] We are aware of recent cases which appear to require a formal written order imposing Code of Civil Procedure section 128.5 sanctions. (*Jansen Associates, Inc.* v. *Codercard, Inc.* (1990) 218 Cal.App.3d 1166, 1171 [267 Cal.Rptr. 516]; *County of Imperial* v. *Farmer* (1988) 205 Cal.App.3d 479, 486 [252 Cal.Rptr. 382].) The facts of *Jansen* are distinguishable in that, unlike the instant case, the court's minute order made no mention of the offending conduct by the attorney upon whom section 128.5 sanctions were being imposed. The comments made by the court in *Farmer* are dicta and are unnecessary for resolution of that case. Consequently, to the extent either *Jansen* or *Farmer* can be said to require a separate written order signed by the court, we respectfully decline to follow them.

not know why the court imposed sanctions. The minute order supplies the reasons, rendering these arguments moot.

As to the validity of appellant moving for summary judgment and to strike the complaint and the court's alleged misconception of the applicability of Business and Professions Code section 17900 to this case, these contentions go to the heart of the denial of his motion. The denial of a motion for summary judgment is nonappealable (Code Civ. Proc., § 904.1), and the time for appellant to have filed for a writ has long since passed.

■■ As to the lack of substantial evidence that appellant's conduct was either frivolous and/or solely intended to cause unnecessary delay, we remind appellant that " '[I]n accordance with the usual rule on appeal, the judgment or order of the trial court is presumed correct. All intendments and presumptions are indulged to support it on matters to which the record is silent, and error must be affirmatively shown. [Citation.] Where the evidence is in conflict, the appellate court will not disturb the findings of the trial court.' [Citation.]" (*Young* v. *Rosenthal* (1989) 212 Cal.App.3d 96, 123 [260 Cal.Rptr. 369].) We are in accord with the court's comments, quoted, *ante*, in footnote 4, regarding the appropriateness, or lack thereof, of appellant moving for summary judgment, a drastic procedural step (*Rickel* v. *Schwinn Bicycle Co.* (1983) 144 Cal.App.3d 648, 653 [192 Cal.Rptr. 732]), on the basis of information which he knew to be in error and which could very easily be corrected. The righteous tone which permeates appellant's arguments below and his appellate briefs is offensive. There is such a thing as professional courtesy, and it is sad that counsel must learn this in an appellate opinion. Extending professional courtesy in this situation would have saved all parties, the trial court, and this court time and money. (See *Ellis* v. *Roshei Corp.* (1983) 143 Cal.App.3d 642 [192 Cal.Rptr. 57].)[7]

■■ As to the lack of evidence to support the reasonableness of the award, respondent's declaration informed the trial court that he had expended four hours in research and preparation of the memorandum in opposition to the motions, would expend three hours in travel and court

___

[7] At oral argument, appellant reiterated his objection to the supplemental answer to interrogatory 3.2 as being incompetent evidence because it was not properly verified. The record reveals that the original answer to interrogatory 3.2 was verified by Lloyd Olson as being "true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true." The second answer, entitled "Supplemental Answers of the Olson Partnership to interrogatories propounded by defendant Gaylord Plating Lab, Inc.," was verified by the same Lloyd Olson as follows: "I am informed and believe and on that ground allege that the matters stated in the foregoing document are true." As the second answers were supplemental to the first answers which were properly verified, we find that the second answers were competent evidence for purposes of defeating a motion for summary judgment.

time, and his hourly rate was $155 per hour, totalling $1,085. This was the exact amount awarded by the court, and it was reasonable. There was no error.

■ Finally, we address respondent's request that we impose sanctions on appeal. As both counsel are aware, we have given serious and careful consideration to respondent's request for sanctions on appeal. We conclude, however, that imposition of sanctions would be inappropriate. In propounding some of his arguments, appellant has relied on extant case law. While we have respectfully declined to follow those cases, they nonetheless do exist (see fn. 6, *ante*), and appellant has properly cited them.

### DISPOSITION

The order imposing sanctions is affirmed.

George, Acting P. J., and Epstein, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 13, 1991.