[No. B006019. Second Dist., Div. One. June 20, 1985.]

JOAN CELIA LAVINE, Individually and as Executrix, etc.,
Plaintiff and Appellant, v.
HOSPITAL OF THE GOOD SAMARITAN, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

\*Certified for publication with the exception of parts 1 through 3 and 6 of the Discussion. (Cal. Rules of Court, rule 976(b).)

COUNSEL

Joan Celia Lavine, in pro. per., for Plaintiff and Appellant.

Gibson, Dunn & Crutcher and Martin C. Washton for Defendant and Respondent.

OPINION

LUCAS, J.—Plaintiff appeals from orders (1) denying her application for injunctive relief compelling production of hospital records, (2) denying her motions to disqualify the trial judge and defendant's counsel, (3) awarding sanctions under Code of Civil Procedure section 128.5 on account of the frivolous application for production of records, and (4) denying a motion for reconsideration and request for statement of decision concerning the aforementioned orders. We affirm all but the order for sanctions, which we reverse for failure adequately to specify the conduct or circumstances for which it was rendered (Code Civ. Proc., § 128.5, subd. (b)).[1]

FACTS

Plaintiff Joan Celia Lavine, an attorney, is the surviving daughter, sole heir, and executor of the estate of Morris Lavine (Lavine). Lavine died at age 86 on November 25, 1982, while under treatment for numerous illnesses at defendant the Hospital of the Good Samaritan (hospital). Plaintiff, in all of the capacities mentioned above, has instituted an action against the hospital and certain of its staff charging tortious conduct resulting in Lavine's wrongful death and other damages.

On October 14, 1982, one month before Lavine's death and before commencing the above-mentioned malpractice case, plaintiff filed on Lavine's behalf a separate action against the hospital, from which this appeal arises. Plaintiff sought declaratory, injunctive, and statutory relief under Evidence

---

[1]The order denying disqualification of the trial judge is not independently appealable, but it may and shall be reviewed via plaintiff's appeal from the other, appealable orders. (2 Witkin, Cal. Procedure (3d ed. 1985) Courts, § 109, p. 126.)

Code section 1158 (hereinafter, section 1158),[2] requiring the hospital to make Lavine's hospital records available for her inspection and copying. In her complaint, plaintiff alleged that the hospital and its agents had refused to provide her, as Lavine's authorized attorney, access to the records as required by section 1158, and that she had seen hospital personnel altering those records. She prayed for injunctions not only requiring that she be furnished copies and accorded "continuous access" to the records but also prohibiting the hospital from further altering them.

At the hearing on plaintiff's application for temporary restraining order and order to show cause re preliminary injunction, counsel for the hospital explained that it had previously denied plaintiff access to Lavine's hospital records because it was in doubt as to the validity of his written authorization she had submitted, and because plaintiff had been attempting to interfere with Lavine's treatment to the point that his attending physician had directed the records not be afforded her (albeit they would be provided to any consulting physician). However, counsel also then stipulated, to ensure compliance with section 1158 and avoid incurring attorneys' fees thereunder, that the hospital would forthwith prepare copies of the records for plaintiff and allow her reasonable access to the originals. The trial court then denied plaintiff's applications for provisional injunctive relief on the ground that an adequate remedy at law was available, if necessary, by motion to compel production of the records pursuant to section 1158.[3] Plaintiff's effort to

---

[2]Section 1158 provides as follows: "Whenever, prior to the filing of any action or the appearance of a defendant in an action, an attorney at law presents a written authorization therefor signed by an adult patient, by the guardian or conservator of his person or estate, or, in the case of a minor, by a parent or guardian of such minor, or by the personal representative or an heir of a deceased patient, or a copy thereof, a physician and surgeon, dentist, registered nurse, dispensing optician, registered physical therapist, podiatrist, licensed psychologist, osteopath, chiropractor, clinical laboratory bioanalyst, clinical laboratory technologist, or pharmacist or pharmacy, duly licensed as such under the laws of the state, or a licensed hospital, shall make all of the patient's records under his or its custody or control available for inspection and copying by such attorney at law or his representative, promptly upon the presentation of the written authorization.

"Failure to make such records available, during business hours, within five days after the presentation of the written authorization, may subject the person or entity having custody or control of the records to liability for all reasonable expenses, including attorney's fees, incurred in any proceeding to enforce the provisions of this section.

"All reasonable costs incurred by any person or entity enumerated above in making patient records available pursuant to this section may be charged against the person whose written authorization required the availability of such records. 'Reasonable cost' as used in this paragraph means actual copying costs, not to exceed ten cents ($0.10) per page, plus any additional reasonable clerical costs incurred in locating and making the records available. Such additional clerical costs shall be based on a computation of the time spent locating and making the records available multiplied by the employee's hourly wage."

[3]Section 1158 in terms contemplates inspection and copying of medical records "prior to the filing of any action," and does not further define the "proceeding to enforce the provisions of this section" to be pursued should a demand for inspection before commencement

obtain initial injunctive relief against alteration of the hospital records was thus denied.

Three weeks later, plaintiff filed in a law and discovery department a "motion for judgment on the pleadings," which incorporated her prior moving papers and sought the issuance of "preliminary and permanent" injunctive relief as prayed in the complaint, on grounds that the hospital had not yet complied with its stipulation to produce the records and copies thereof. The hospital's opposition to this motion recited that after initial misunderstandings between the parties, plaintiff—following the filing of the motion—had paid for and received copies of her father's hospital records, to and including November 3, 1982. The hospital further documented plaintiff's numerous prior episodes of interference and conflict with hospital staff ministering to Lavine, and prayed that sanctions be awarded under Code of Civil Procedure section 128.5 for what it deemed a frivolous motion. In reply papers filed November 19, 1982, plaintiff complained that she had been furnished neither copies of her father's X-rays nor his records of treatment subsequent to November 3, 1982 (the latter having been admitted by the hospital). This motion was taken off calendar at plaintiff's request due to the rapidly deteriorating condition of Lavine, which caused plaintiff to be unavailable on the noticed hearing date.

Following Lavine's death, plaintiff, as his executrix, moved to be substituted in his place as plaintiff in this action; the motion was granted. On March 21, 1983, plaintiff filed a renewed "motion for production of medical records pursuant to Evidence Code section 1158," in which she alleged that

of suit be refused. Obviously, at that juncture some independent action or proceeding would have to be brought. The only reported case decided under the statute recites that the plaintiff there had "petitioned the superior court for an order to show cause why production should not be ordered." (*National Football League Management Council* v. *Superior Court* (1983) 138 Cal.App.3d 895, 898 [188 Cal.Rptr. 337].)

According to the judge sitting in the injunction (writs and receivers) department when plaintiff sought her temporary restraining order, the practice in Los Angeles County Superior Court was for motions or "petitions" to compel compliance with section 1158 to be heard and determined as legal matters in a law and discovery department. (But see Los Angeles County Superior Court, Manual of Policy and Procedure for Writs and Receivers Matters (1984) § 10, subd. (c) (writs and receivers department is assigned "All applications (other than in probate proceedings or domestic relations actions or in matters otherwise assigned by the Local Rules [which section 1158 proceedings are not] for orders to show cause . . . .")).)

Absent further legislative specification, it would appear that a petition for writ of mandate might well lie to compel compliance with section 1158 if access were wrongfully refused in violation of the statute. (See Code Civ. Proc., § 1085 (writ of mandate may be issued by a superior court "to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right . . . to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person").)

the records she had received from the hospital were materially incomplete. Simultaneously, plaintiff noticed a motion to disqualify the hospital's counsel, Gibson, Dunn & Crutcher (Gibson, Dunn), from participating in the lawsuit, on three grounds: that Gibson, Dunn's representation of an insurer involved in the Medicare program placed the firm in a conflict of interest inasmuch as Lavine's hospitalization had been partially paid for by Medicare; that the hospital had occupied a fiduciary relationship with Lavine, which relationship extended to hospital's counsel and thereby prevented them from appearing against Lavine's interests; and that Gibson, Dunn had represented a class of California judges in a class action involving their salary and pension rights (Olson v. Cory, Los Angeles County Superior Court case No. CA 000437), with the result that the firm's appearance before any judge in that class was barred by conflict-of-interest principles. On the latter ground, plaintiff also moved to disqualify all judges in the Olson v. Cory class from hearing this action. Prior to the hearing of these motions plaintiff filed (and apparently served) a subpoena duces tecum requiring the hospital's director of administrative services to produce at the law and motion hearing such of the hospital records as were sought by her section 1158 motion. Moreover, in her reply papers in support of that motion plaintiff requested the court to order the original hospital records surrendered to it, so that plaintiff could inspect them without interference by the hospital.

In its response to the motion to produce, the hospital averred that all existing records which plaintiff now sought had been supplied to her, except copies of Lavine's X-rays. As to these, hospital explained, copying would be far more expensive than the 10 cents per page maximum allowed by section 1158 for conventional medical records; hospital therefore offered to provide plaintiff such copies at cost or to allow them to be copied by plaintiff's own copying service. In addition to opposing plaintiff's several motions on their merits, hospital urged that they were frivolous and presented in bad faith, and again requested that the court award it attorneys' fees by way of sanctions, under Code of Civil Procedure section 128.5.

At a hearing at which plaintiff appeared through substitute counsel, the trial court denied the motion to produce on grounds it was moot since all relevant hospital records had been supplied,[4] and also denied the motions to disqualify counsel and judges. The court further found that the motion to produce was frivolous, had not been taken in good faith, and had caused unnecessary delay, and accordingly awarded the hospital sanctions of $364.

---

[4]The court's formal disposition of this motion was to order it "off calendar" on the grounds stated above, but in legal effect this ruling constituted a denial of the motion for injunction. (Cf. *Miller* v. *Woods* (1983) 148 Cal.App.3d 862, 871, fn. 9 [196 Cal.Rptr. 69]; *Lincoln* v. *Superior Court* (1943) 22 Cal.2d 304, 310 [139 P.2d 13].)

Plaintiff proceeded to file a motion for reconsideration of these rulings, wherein she contended that the motion judge had been and still was obligated to refer the matter of *his* disqualification for interest, as an Olson v. Cory class member, to another judge for determination; she also contended that the rulings made in advance of such a determination were void and hence should be vacated. In a supplemental memorandum in support of this motion, plaintiff urged that the order allowing sanctions against her was deficient and should be vacated because the court had failed to recite in detail therein the reasons for that order, as required by Code of Civil Procedure section 128.5, subdivision (b). In the alternative, plaintiff requested that the court supplement its order to comply with the statutory requirement of specificity. Plaintiff also purported to renew her request that the original hospital records be deposited in custody of the court.

The court denied plaintiff's motion for reconsideration—as well as the hospital's request for further sanctions in connection therewith—except that the motion judge did refer the question of his disqualification to the master calendar department for appointment of another judge to decide it. The Chairperson of the Judicial Council thereafter designated such a judge, and he denied the application for disqualification.[5] Plaintiff then filed a "renewed request for statement of decision," reiterating a written request, which she had filed after denial of her motion for reconsideration, that a formal statement of decision be prepared regarding the denial of her several motions. The renewed request was denied as untimely.

Plaintiff then instituted this appeal, from the latter order, the order refusing to disqualify the trial judge, the orders denying her motions for production of hospital records and to recuse hospital's counsel and the Olson v. Cory class judges, and also the order awarding sanctions and the order denying plaintiff's motion for reconsideration.

DISCUSSION

Plaintiff's appeal revisits the subject matter of each of her requests for relief below, challenges the trial court's award of sanctions, and also seeks direct relief from this court by way of findings pursuant to Code of Civil Procedure section 909 and an order directing that the hospital's records be deposited *in custodia legis*. Plaintiff's briefing in turn has elicited countermotions for appellate relief by the hospital, which has moved to strike portions of plaintiff's reply brief and requests we award further sanctions

---

[5]More specifically, it took two Orange County Superior Court judges to decide the disqualification issue. The judge initially appointed by the Chairperson of the Judicial Council recused himself from determining the issue on grounds he too was a member of the plaintiff class in Olson v. Cory. Thereafter a second judge was designated and denied the motion.

against plaintiff on the grounds that this appeal is frivolous. We address first plaintiff's challenges to the rulings below and then the parties' motions for special appellate relief.

1. *Production and Inspection of Hospital Records.* *

. . . . . . . . . . . . . . . . . . . . . .

4. *Statement of Decision.*

 Plaintiff's request for rendition of a statement of decision on the matters determined adversely to her was denied on grounds it was untimely. That it was, assuming plaintiff's motions had qualified for a statement of decision in the first place, for Code of Civil Procedure section 632 requires that a statement of decision be requested before the matter is submitted for decision in cases where "the trial has lasted less than one day."[6] But an even more fundamental reason why the refusal of a statement of decision must be affirmed is that such a statement, as was true of findings of fact under the former version of Code of Civil Procedure section 632, is neither required nor available upon decision of a motion, including one for preliminary injunction. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 306, p. 3115; *People* v. *Mobile Magic Sales, Inc.* (1979) 96 Cal.App.3d 1, 12, fn. 4 [157 Cal.Rptr. 749].)[7]

5. *The Trial Court's Award of Sanctions.*

At the hearing of plaintiff's motion for production of hospital records, the hospital's counsel argued at length that the motion constituted a frivolous, harassing tactic, in that all of the relief to which plaintiff was entitled under section 1158 had been voluntarily provided her well before that motion was noticed. Counsel recited, as had the hospital's declarations in opposition to the motion, the tedious litany of demands—both extrajudicial and by motion—which plaintiff had leveled against the hospital notwithstanding its amenability to providing her with access to and copies of Lavine's hospital records. Accordingly, counsel urged that payment of the hospital's expenses in resisting the motion, by way of sanctions under Code of Civil Procedure

---

*See footnote, *ante,* page 1019.

[6]Plaintiff's argument that her motions "lasted more than one day" because they were pending from the time the notice of motion was filed is frivolous.

[7]Although, as discussed *infra,* Code of Civil Procedure section 128.5 provides for rendition of a detailed written order upon awarding sanctions against a party or attorney, that requirement is distinct from section 632's provisions for a statement of decision, which do not apply to proceedings under section 128.5.

section 128.5, was appropriate and necessary to deter plaintiff from further relentless pursuit of what she had already obtained.

Independent counsel representing plaintiff at this hearing ably but necessarily unsuccessfully attempted to defend his client's behavior. The court then observed as follows: "Well, I think I have the issues well in mind. Perhaps Miss Lavine is too close to the case. It is her father, but I'm afraid I have to agree, and reluctantly, that this is a rare case that qualifies under 128.5 . . . . Given what has occurred in this litigation—not collateral litigation, but this very file—I just don't think the motion is well based or can be said to be based on good faith. It obviously has engendered unnecessary delay and expense. So I do make a finding that under section 128.5, the tactic with respect to the motion insofar as it's a motion to produce records under 1158—that's all I'm addressing—not the rest of it—was not being in good faith, and it is a tactic in action specifically not in good faith. I believe it was frivolous under the circumstances and it has caused unnecessary delay." The court accordingly awarded the hospital $364 for expenses incurred in resisting the motion.

■ We agree with the trial court that plaintiff's conduct in connection with this unnecessary and ungrounded motion, viewed separately and also in context of the other, antecedent proceedings to the same end in this action, justified imposition of sanctions under section 128.5, which empowers trial courts "to order a party or the party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of tactics or actions not based on good faith which are frivolous or which cause unnecessary delay." Plaintiff's present assertion that sanctions were inappropriate because the motion to which they were directed was ordered "off calendar," rather than being denied in so many words, is without legal basis. Similarly, her argument that in-court production of the records was warranted and that she was sanctioned for interposing a novel but appropriate request for relief is not well taken, given that plaintiff did not show sufficient cause for judicially ordered production of the records (as we have discussed above).

Plaintiff also contends that sanctions under section 128.5 could not properly have been awarded in connection with her motion to produce because that motion constituted an "application for a final adjudication" of her lawsuit, rendering the request for sanctions on account thereof an impermissibly premature effort to hold plaintiff liable for malicious prosecution of the entire case. (Cf. *Babb* v. *Superior Court* (1971) 3 Cal.3d 841 [92 Cal.Rptr. 179, 479 P.2d 379].) We disagree. The motion under section 1158 did not purport to seek disposition of the entirety of plaintiff's complaint, which included prayers for declaratory judgment and injunction. Moreover, hos-

pital's request for sanctions was expressly directed to, and approved concerning, only its expenses in opposing this single motion, not the costs of the case as a whole. In fact, the amount of expenses awarded was less than one-half of the $750 the hospital estimated it had incurred in opposing the motion to produce alone.

 Plaintiff further argues that the procedure by which the sanctions were awarded, under section 128.5, "suffers constitutionally from being a summary procedure that denies the [sanctioned party] the rights associated with due process to have evidentiary hearings, the subpena power of the court, to call witnesses and to be generally given a reasonable opportunity to defend oneself as well as the right to a jury trial on a money judgment." This constitutional contention too is mistaken. Nothing in section 128.5 precludes a party against whom sanctions are sought thereunder from subpenaing and producing evidence and witnesses or otherwise defending against the request; the scope of a hearing on an application for sanctions is within the trial court's discretion, as with motions generally. (*Reifler* v. *Superior Court* (1974) 39 Cal.App.3d 479, 483-485 [114 Cal.Rptr. 356].) And as for the claimed right to a jury trial, the short answer is that that right, insofar as civil actions and remedies are concerned, is not an element of the due process guaranteed by the Fourteenth Amendment. (E.g., *Walker* v. *Sauvinet* (1876) 92 U.S. 90, 92-93 [23 L.Ed. 678, 679]; *Palko* v. *Connecticut* (1937) 302 U.S. 319, 323-324 [82 L.Ed. 288, 291, 58 S.Ct. 149].)[8]

 A final contention concerning the award of sanctions, which plaintiff has pressed since she filed her motion for reconsideration below, does have merit. Subdivision (b) of section 128.5 provides in part that "An order imposing expenses [under this section] shall be in writing and shall *recite in detail* the conduct or circumstances justifying the order." (Italics added.) We agree with plaintiff that the written order entered in this case did not satisfy the demand of the statute for a detailed recitation of the circumstances or conduct giving rise to it.

The minute order in question reads as follows: "Court determines that motion under Evidence Code § 1158 was not made in good faith, was frivolous and caused unnecessary delay. Court imposes sanctions on counsel

---

[8]The right to jury trial, of course, is also guaranteed by article I, section 16 of the California Constitution. However, that provision extends the right only so far "as it existed at common law at the time the Constitution was adopted." (*People* v. *One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283, 286-287 [231 P.2d 832].) The process of awarding sanctions for frivolous tactics recognized and prescribed by section 128.5 is a new creature of statute, unknown at common law. (See *Bauguess* v. *Paine* (1978) 22 Cal.3d 626 [150 Cal.Rptr. 461, 586 P.2d 942].)

for moving party in the amount of $364, payable to counsel for responding party. CCP 128.5." This order, which stated no more than the trial court's conclusions, in the words of the statute, as to why sanctions were being awarded, did not comply with the statutory directive. By definition, the requirement that the order imposing sanctions "recite *in detail* the conduct or circumstances justifying" it contemplates some recital beyond the court's conclusions that the conduct being sanctioned comes within the statutory qualification of "tactics or actions not based on good faith which are frivolous or which cause unnecessary delay" (Code Civ. Proc., § 128.5, subd. (a)). (Accord, *Fegles* v. *Kraft* (1985) 168 Cal.App.3d 812, 816 [214 Cal.Rptr. 380].)

The purpose of section 128.5's provision for a recitation of the facts justifying a sanctions order is to fulfill the "rudiments" of due process required for governmental imposition of a penalty upon an attorney or party—both for due process' own, constitutional sake and to ensure that the power conferred by the statute will not be abused. (See *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 652-654 [183 Cal.Rptr. 508, 646 P.2d 179]; *O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957, 962 [196 Cal.Rptr. 409].) Moreover, in some cases the court's recitation will be an invaluable aid to a reviewing court determining whether the trial court abused its discretion in awarding sanctions. (Cf. *Miramar Hotel Corp.* v. *Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126, 1129-1130 [210 Cal.Rptr. 114] (concerning the necessity for a statement of decision where required by Code Civ. Proc., § 632).) Although our review of the record in this case has satisfied us that the trial court's award of sanctions against plaintiff was eminently justified, other cases may not present as clear a scenario.

We couple this holding with an assurance that the requirement that a sanctions order "recite in detail" the circumstances justifying it should impose no undue burden upon trial courts. No more is required than a *factual* recital, with reasonable specificity, of the circumstances that have led the trial court to consider the matter before it what the trial court here properly termed "a rare case that qualifies under [section] 128.5." Thus, for example, in the present case the trial court's order would have satisfied the statutory requirement had it stated that the motion in question had been brought and prosecuted after the relief it sought had been fully afforded by the hospital, and that this was plaintiff's third application for the same relief. However, as we have explained, an order that merely recites that a particular motion or tactic is "frivolous" and thereby has invoked sanctions is insufficient under the terms of section 128.5, subdivision (b).

The insufficiency of the formal order for sanctions requires that we reverse it. (Cf. *Miramar Hotel Corp.* v. *Frank B. Hall & Co., supra,* 163

Cal.App.3d at pp. 1130-1131.) However, that reversal does not exonerate plaintiff from responsibility for her conduct, or from reckoning with the penalty properly imposed therefor. On remand, the trial court will be able to reenter its order in compliance with section 128.5, subdivision (b), whereupon the award of sanctions will again take effect. (Cf. *Fegles* v. *Kraft, supra,* 168 Cal.App.3d 812, 817.)

6. *Motions for Special Appellate Relief.**

. . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The order awarding expenses under Code of Civil Procedure section 128.5 is reversed and the case is remanded with directions to enter a new order in accordance with subdivision (b) of that section. The other orders appealed from are affirmed. Defendant shall recover its costs on appeal.

Hanson (Thaxton), Acting P. J., and Dalsimer, J., concurred.

Petitions for a rehearing were denied July 3 and July 11, 1985, and appellant's petition for review by the Supreme Court was denied September 18, 1985.

---

*See footnote, *ante,* page 1019.