[No. G007831. Fourth Dist., Div. Three. Mar. 16, 1990.]

JANSEN ASSOCIATES, INC., Plaintiff and Respondent, v. CODERCARD, INC., Defendant and Appellant.

**COUNSEL**

J. Joseph Kennedy for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## OPINION

**TAYLOR, J.**\*—This appeal is from an order imposing sanctions against an attorney for wilfully failing to attend mandatory arbitration. While the attorney's failure to attend was in bad faith, frivolous and caused unnecessary delay, we conclude the order imposing sanctions was deficient.

## FACTS

During the course of litigation, the parties and their attorneys were ordered to attend mandatory arbitration proceedings. Plaintiff Jansen Associates, Inc., and its attorney, Paul J. Weinberg, prepared for and attended the arbitration hearing at considerable time and expense. Defendant Codercard, Inc., and its attorney, J. Joseph Kennedy, decided not to attend the hearing, and did not do so. When Jansen received an arbitration award, Codercard immediately filed for trial de novo.

Soon thereafter, Jansen filed a "Notice of Motion and Motion for Sanctions for Failure to Appear at Arbitration Hearing." After giving notice of the hearing at a specified time and place, the notice related plaintiff Jansen would move the court "for sanctions against defendants." In a memorandum of points and authorities in support of the motion for sanctions, Jansen referred to its motion as one "for sanctions against defendant Codercard, Inc. . . ." Jansen's motion for sanctions was founded upon Code of Civil Procedure section 128.5.[1]

At the sanctions hearing, both attorneys filed declarations, attended in person and were heard. The trial court imposed sanctions of $2,950. At the conclusion of the hearing, the following colloquy occurred:

"Mr. Weinberg: Your honor, before we close the case . . . is the award against the attorney or the clients or both?

"The Court: The attorney."

---

\* Assigned by the Chairperson of the Judicial Council.

[1] All further statutory references are to the Code of Civil Procedure.

Section 128.5 provides, in part: "(a) Every trial court may order a party, the party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. This section also applies to judicial arbitration proceedings under Chapter 2.5 (commencing with Section 1141.10) of Title 3 of Part 3. "

" . . . . . . . . . . . . . . . . .

"(c) Expenses pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or the court's own motion, after notice and opportunity to be heard. An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

At no time during the sanctions hearing did attorney Kennedy raise the issue of lack of notice to himself. Reconsideration was never sought.

That same day, a written minute order was filed, containing the following: "The Court finds that defendant's failure to appear at the arbitration hearing was willful and without substantial justification and imposes sanctions in the amount of $2,950 (per CCP § 128.5 and *Lyons* v. *Wickhorst* (1986) [42] Cal.3d 911, pp 918-919) to be paid by attorney J. Joseph Kennedy . . . ."

### ANALYSIS

Attorney Kennedy makes two contentions on appeal. First, in order for sanctions to be imposed against him, notice that sanctions are sought against *him,* as the attorney, is required. Second, the minute order did not recite in detail the conduct or circumstances justifying the order.

■ An order made pursuant to section 128.5 awarding sanctions against an attorney for a party is appealable because it is a final order on a collateral matter directing the payment of money. (*Ellis* v. *Roshei Corp* . (1983) 143 Cal.App.3d 642, 645, fn. 3 [192 Cal.Rptr. 57].)

Initially, we note Kennedy does not question the propriety, or the amount, of the sanctions order against him. This is understandable, as his conduct so clearly constitutes bad faith actions or tactics that are frivolous or solely intended to cause unnecessary delay as to be beyond discussion.[2]

■ Section 128.5, subdivision (c), specifically provides that where, as here, the motion for sanctions is brought by a party, the expenses shall not be imposed "except on notice contained in a party's moving or responding papers." Obviously, this provision mandates written notice.

Sanctions under 128.5 cannot be imposed without giving fair warning and an opportunity to respond. (*In re the Marriage of Flaherty* (1982) 31 Cal.3d 637, 654 [183 Cal.Rptr. 508, 646 P.2d 179].) Adequate notice is not only

---

[2](See *Lyons* v. *Wickhorst* (1986) 42 Cal.3d 911, 918-919 [231 Cal.Rptr. 738, 727 P.2d 1019].) Kennedy's declaration filed in opposition to the motion for sanctions simply states: "(1) I am the attorney for defendant corporation Codercard, Inc., in the above entitled case.

"(2) Failure to attend the arbitration proceedings is not a frivolous action or a delaying tactic. Plaintiff received his arbitration award with no delay. This request is similar to requesting sanctions for not attending a trial and letting the matter go by default."

At the sanctions hearing, the trial judge stated: "You filed exactly nothing to show that your failure to appear at arbitration was anything but willful." We agree. The justification amounted to exactly nothing. And the attorney's actions need not even be willful. (*In re Marriage of Gumabao* (1984) 150 Cal.App.3d 572, 577 [198 Cal.Rptr. 90].)

mandated by section 128.5, but also by the due process clauses of both the federal and state Constitutions. (*Lesser* v. *Huntington Harbor Corp.* (1985) 173 Cal.App.3d 922, 930 [219 Cal.Rptr. 562].) Though the Legislature has recognized the constitutional concerns of notice and opportunity to be heard in section 128.5, subdivision (c), the section is not specific as to the measure of notice necessary. (*Id.*, at p. 931.)

Section 128.5 on its face authorizes sanctions against "a party, the party's attorney, or both . . . ." ■ However, the case law is clear that in order to impose sanctions against an attorney acting on behalf of a named party, the notice itself must clearly provide that sanctions are being sought against the attorney. (*Corralejo* v. *Quiroga* (1984) 152 Cal.App.3d 871, 873-874 [199 Cal.Rptr. 733].)

In the case at bench, the notice provides only that plaintiff sought sanctions "against defendants," and again, that plaintiff sought sanctions "against defendant Codercard, Inc. . . ." Attorney Kennedy was not given written notice prior to the hearing that sanctions were being sought against *him.* However, this is not the end of the matter.

During the sanctions hearing itself, upon being asked against whom sanctions were being imposed, the court answered "the attorney." Attorney Kennedy made no protest of any kind, did not in any manner raise the issue of lack of notice, and did not move for a continuance for an opportunity to be heard further.[3] In addition, he failed to file a motion to reconsider the issue, which would have given him a second opportunity to raise the issue of inadequate notice, and contest the sanctions. (See *M.E. Gray Co.* v. *Gray* (1985) 163 Cal.App.3d 1025, 1033, fn. 6 [210 Cal.Rptr. 285]; *Ellis* v. *Roshei Corp.*, *supra*, 143 Cal.App.3d at pp. 647-648.)

■ In failing to raise the issue of inadequate notice during the hearing, failing to request a further hearing on the matter, and failing to file a motion to reconsider the issue, Kennedy waived any objection he may have had upon that ground. (See *M.E. Gray Co.* v. *Gray*, *supra*, 163 Cal.App.3d at p. 1034; *Tate* v. *Superior Court* (1975) 45 Cal.App.3d 925, 929-931 [119 Cal.Rptr. 835].) Kennedy is barred by the familiar rule that having failed to raise the issue in the trial court, he will not be heard to raise it for the first time on appeal.

---

[3] As the court in *Ellis* observed in a slightly different context: "The trial court has the inherent power and the right to control its own proceedings to allow such additional time as, in its discretion, it deems necessary to insure a fair hearing on the request for sanctions." (*Ellis* v. *Roshei Corp.*, *supra*, 143 Cal.App.3d at p. 647, fn. 5.)

Kennedy next contends the minute order does not recite in detail the conduct or circumstances justifying the order. Section 128.5, subdivision (c) states, "An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

A trial judge's on-the-record oral recitation of reasons for imposing sanctions is insufficient. (*Lieppman v. Lieber* (1986) 180 Cal.App.3d 914, 920-921 [225 Cal.Rptr. 845].) But no more is required than a written factual recital, with reasonable specificity, of the circumstances that led the trial court to find the conduct before it sanctionable under section 128.5. (*Lavine v. Hospital of the Good Samaritan* (1985) 169 Cal.App.3d 1019, 1029 [215 Cal.Rptr. 708].) In *Lavine,* the court observed "the trial court's order would have satisfied the statutory requirement had it stated that the motion in question had been brought and prosecuted after the relief it sought had been fully afforded by the hospital, and that this was plaintiff's third application for the same relief." (*Ibid.*) In like manner in the case at bench, an order reciting that attorney Kennedy refused to appear at court-ordered arbitration proceedings without substantial justification would satisfy the statutory mandate.

However, the written minute order before us is defective. First, the statute appears to require a formal written order. (See, e.g., *Lavine v. Hospital of the Good Samaritan, supra*, 169 Cal.App.3d at p. 1029.) Second, the order before us recites "that defendant's failure to appear at the arbitration hearing was willful." It makes no direct reference to attorney Kennedy's conduct, and thus cannot support an order of sanctions against him.

The insufficiency of the order for sanctions requires that we reverse it. That reversal, however, does not exonerate attorney Kennedy from responsibility for his conduct, "or from reckoning with the penalty properly imposed therefor. On remand, the trial court will be able to reenter its order in compliance with section 128.5, subdivision (b), whereupon the award of sanctions will again take effect." (169 Cal.App.3d at p. 1030.)

## DISPOSITION

The order awarding expenses under Code of Civil Procedure section 128.5 is reversed. The case is remanded with directions to enter a new order in accordance with subdivision (b) of that section.

Wallin, Acting P. J., and Sonenshine, J., concurred.