953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
U.S. STEEL CORP., Plaintiff,
v.
PACIFIC GAS AND ELECTRIC COMPANY; Defendant-Appellant,
Western Industrial X-Ray, Inc., Counter-defendant-Appellee.
 No. 90-16284.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred Nov. 5, 1991.
Submitted Dec. 6, 1991.
Decided Jan. 29, 1992.
 
 Before POOLE, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pacific Gas & Electric Co. (PG & E) appeals the district court's order granting Western Industrial X-Ray's (WIX's) motion for attorneys' fees. WIX moved the district court to exercise its inherent power to award attorneys' fees to a party forced to defend against an action filed in bad faith. The court, however, found that since its jurisdiction was based on diversity of citizenship, state law governed the issue.[1] Thus, it treated WIX's motion as a motion under the California statute governing the imposition of attorneys' fees for frivolous or bad faith lawsuits. The court found that PG & E had filed its claims against WIX in bad faith and awarded WIX attorneys' fees in the amount of $444,609.45. We affirm.
 
 DISCUSSION
 
 3
 We review the district court's findings of fact supporting its order for clear error. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). We review de novo its application of the California fee-shifting statute to the facts. See In re McLinn, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc). If the district court applied the correct legal standard, however, we review its decision to award fees for an abuse of discretion. Perry v. O'Donnell, 759 F.2d 702, 704 (9th Cir.1985).
 
 
 4
 Under California law, attorneys' fees may be awarded to a party forced to defend a "bad faith action[ ] that [is] frivolous...." Cal.Code Civ.Proc. § 128.5.[2] Section 128.5(b)(2) defines "frivolous" as an action that is "totally and completely without merit...."
 
 
 5
 PG & E's cross-claim was based on an accident report prepared by Failure Analysis Associates (FAA) which pinned the blame for the rupture of a pipe during the construction of PG & E's hydroelectric facility near Fresno, California on United States Steel Corp. (USX), the welding contractor, and WIX, which was retained to inspect the welds. The court found that the FAA report was false and known by PG & E to be false before the litigation commenced.
 
 
 6
 It is clear that when PG & E brought an action founded upon a false report, which it knew to be false, it brought a "bad-faith action" for purposes of section 128.5. It could hardly be otherwise where, as here, the jury, and the court, found that even the mere publication of that report was done with malice, oppression and conscious disregard of the rights of USX, the company for which WIX worked.
 
 
 7
 PG & E argues that its cross-claim was not "totally and completely without merit," and that the district court's use of the jury finding was an impermissible post hoc determination of the lack of merit of the cross-claim. See Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421-22, 98 S.Ct. 694, 700-01, 54 L.Ed.2d 648 (1978). However, PG & E overlooks the fact that the jury found not only that the FAA report was false, but that PG & E knew it to be false when it initiated the cross-claims. A claim knowingly based on false information may surely be dubbed a meritless claim. See 580 Folsom Associates v. Prometheus Development Co., 223 Cal.App.3d 1, 22, 272 Cal.Rptr. 227 (1990) (a complete lack of information to support key allegations in cross-complaint warranted sanctions for bringing action "totally and complete without merit").
 
 
 8
 Finally, PG & E contends that the district court improperly based its decision solely on the jury verdict. The district court relied upon two special verdicts: (1) that the FAA report stated an "injurious falsehood" concerning USX; and (2) that WIX had not breached its contract and had not negligently inspected the "fillet weld." PG & E contends that the district court improperly implied that the report was also false as to WIX and that since the jury had not made this specific finding, drawing such a conclusion from the finding concerning USX was an abuse of discretion. Although the jury was not asked to find, and thus did not find, that the report defamed WIX, it did find that WIX had not negligently inspected the weld. By parity of reasoning, the statements made in the report to the contrary were also false. PG & E fails to cite authority which prevents the trial judge from drawing upon the jury's solemn determinations and then deciding that PG & E litigated this action based upon a report which it knew to be false. Moreover, the district judge did not rely solely on the jury's determinations. In reaching his conclusion, he appears to have relied on what he observed during the course of the trial and to have decided that PG & E did, in fact, assert a frivolous, bad faith claim against WIX.
 
 
 9
 AFFIRMED.
 
 POOLE, Circuit Judge, dissenting:
 
 10
 I do not agree that the award of attorney fees was justified in this case. California law allows attorney fees to be awarded a party forced to defend a completely meritless lawsuit which has been brought in "bad faith." Cal.Code.Civ.P. § 128.5. Neither element of this test was met in this case.
 
 
 11
 WIX moved for a directed verdict before the case was submitted to the jury, and the district judge denied the motion. The only logical inference that may be drawn from this is that the judge believed that there were inferences in evidence to support appellants' view of the cause of the accident. Such a belief was certainly supported by the record: PG & E introduced testimony of several witnesses supporting the conclusion of the report, one of whom--a WIX expert--conceded that that there was indeed a crack in the main pipe housing. If there was any rational inference in the evidence supporting PG & E's version of the events that caused its hydroelectric project to collapse, its litigation was not "totally and completely without merit." See Id., § 128.5(b)(2).
 
 
 12
 Since, by his denial of the motion for a directed verdict, the judge acknowledged the existence of such evidence, he must have relied solely on the jury's verdict and not on any independent determination of his own of the merits of PG & E's case. But the fact that the jury found a preponderance in U.S. Steel's favor could not obliterate from the record that PG & E had presented an inference of substance. True, PG & E did not show enough to win, but it did have enough to make it a jury question. A party whose case is ruled strong enough to go to the trier of fact (the jury, in this case) has, by definition, shown more than a "meritless" case. A litigating party is not entitled to have a jury deliberate his cause if there is no cause.
 
 
 13
 Nor was it proper for the district judge to conclude that PG & E acted in "bad faith." Litigants resort to the courts for many reasons, and are not vulnerable to sanctions on the basis of their motives if what they show is worthy of debate as to facts or law. PG & E's purported desire to use this lawsuit as a tool in its attempt to persuade the utilities regulators to authorize a rate hike is therefore irrelevant. Such a purpose does not indicate that the theory advanced by PG & E at the trial is completely unsupported. The jury's special verdict that PG & E sought to defame USX does not change this outcome, because first, a desire to "hurt" one's adversary is not inconsistent with the premise that PG & E's theory had some factual support; and second, the jury did not find that PG & E aimed to injure WIX's reputation.
 
 
 14
 In sum, this is not a clear case for sanctions. See Atchinson, Topeka, & Santa Fe Ry. Co. v. Stockton Port Dist., 140 Cal.App.3d 111, 117 (1983); Weisman v. Bower, 193 Cal.App.3d 1231, 1237 (1987). Accordingly, on this record it was an abuse of discretion for the trial court to award WIX attorney fees. I would reverse.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Federal courts have the inherent power to award attorneys' fees as a sanction for a party's bad faith conduct. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). In diversity cases, federal courts apply state law in deciding whether to allow attorneys' fees when, under state law, fees may be awarded to the party prevailing on certain substantive state law claims. Keown v. Katz, No. 89-15868, slip. op. at 11856 (9th Cir. Aug. 26, 1991) (fee shifting in actions arising out of contracts); Hancock Lab., Inc. v. Admiral Ins., 777 F.2d 520, 525 (9th Cir.1985) (fee shifting in insurance bad faith actions); Shakey's Inc. v. Covalt, 704 F.2d 426, 435 (9th Cir.1983) (fee shifting in franchise breach agreements). Whether state statutes regarding sanctions for misuse of the forum court should be followed in diversity cases is an entirely different matter. Regardless of state law, when a person misuses the forum of the federal court, even in a diversity case, he subjects himself to federal procedures, including those which allow the award of sanctions. Chambers v. Nasco, Inc., --- U.S. ----, 111 S.Ct. 2123, 2136-38, 115 L.Ed.2d 27 (1991). Therefore, the proper remedy rested in the district court's inherent power to impose sanctions, not California's bad faith action statute--Cal.Code Civ.Proc. § 128.5. However, since neither party objects to the application of section 128.5, and it is not in clear conflict with a federal rule, we shall proceed to decide the issues that arise under California law as raised by the parties
 
 
 [2]
 PG & E contends that regardless of the substantive requirements of section 128.5, the court's order was deficient because it failed to conform to the formal requirements of section 128.5(c). However, the court's order is a written factual recital, with reasonable specificity, of the circumstances that led the court to find the conduct before it sanctionable under section 128.5. Jansen Associates, Inc. v. Codercard, Inc., 218 Cal.App.3d 1166, 1171, 267 Cal.Rptr. 516 (1990). No more is required by section 128.5(c)