[No. D047004. Fourth Dist., Div. One. Sept. 22, 2006.]

PATIENCE THORNBURG, Plaintiff and Appellant, v.
EL CENTRO REGIONAL MEDICAL CENTER, Defendant and
Respondent.

## COUNSEL

Niddrie, Fish & Buchanan, Michael H. Fish; Huffman & Kostas, James C. Kostas; Law Offices of Sheldon A. Ostroff, Sheldon A. Ostroff; Law Offices of Barron Ramos and Barron Ramos for Plaintiff and Appellant.

Martha L. McGill; DiCaro, Coppo & Popcke and Michael R. Popcke for Defendant and Respondent.

## OPINION

**BENKE, J.**—Plaintiff and appellant Patience Thornburg was a patient at defendant and respondent El Centro Regional Medical Center (El Centro) and in April 2002 Thornburg's attorneys asked El Centro for a copy of her medical records. El Centro provided Thornburg's attorneys with the medical records, but charged them $2 a page.

██ In general under Evidence Code[1] section 1158 a medical care provider, such as El Centro, may charge a patient no more than 10 cents a page for copies of medical records. Thornburg brought a class action lawsuit against El Centro in which she alleged the hospital systematically violated section 1158. El Centro filed a motion for a judgment on the pleadings. The hospital argued that the cost limitation provisions of section 1158 are not enforceable by way of a private civil action. The trial court granted the hospital's motion without leave to amend.

---

[1] All further statutory references are to the Evidence Code unless otherwise specified.

On appeal we reverse. By its terms section 1158 plainly contemplates private enforcement by patients. Nothing in its legislative history or in the cases which have interpreted it suggest any narrower enforcement mechanism.

## PROCEDURAL HISTORY

As against El Centro, Thornburg's complaint alleged the hospital violated section 1158 and argued it should be required to pay damages and be restrained from violating the statute. In making its motion for judgment on the pleadings, El Centro asserted section 1158 does not provide for a private right of action for alleged overcharges, but is instead a regulatory provision enforceable exclusively by the Department of Health Services.

After the trial court granted El Centro's motion, judgment was entered and Thornburg filed a timely notice of appeal.

## DISCUSSION

### I

A trial court's ruling on an order granting a motion for judgment on the pleadings resolves the question of "whether or not the factual allegations that the plaintiff makes are sufficient to constitute a cause of action." (*Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 515 [101 Cal.Rptr.2d 470, 12 P.3d 720].) On appeal we review the trial court's resolution of this question de novo. (*Ibid.*)

### II

Section 1158 provides as follows: "Whenever, prior to the filing of any action or the appearance of a defendant in an action, an attorney at law or his or her representative presents a written authorization therefor signed by an adult patient, by the guardian or conservator of his or her person or estate, or, in the case of a minor, by a parent or guardian of the minor, or by the personal representative or an heir of a deceased patient, or a copy thereof, a physician and surgeon, dentist, registered nurse, dispensing optician, registered physical therapist, podiatrist, licensed psychologist, osteopathic physician and surgeon, chiropractor, clinical laboratory bioanalyst, clinical laboratory technologist, or pharmacist or pharmacy, duly licensed as such under the laws of the state, or a licensed hospital, shall make all of the

patient's records under his, hers or its custody or control available for inspection and copying by the attorney at law or his, or her, representative, promptly upon the presentation of the written authorization.

"No copying may be performed by any medical provider or employer enumerated above, or by an agent thereof, when the requesting attorney has employed a professional photocopier or anyone identified in Section 22451 of the Business and Professions Code as his or her representative to obtain or review the records on his or her behalf. The presentation of the authorization by the agent on behalf of the attorney shall be sufficient proof that the agent is the attorney's representative.

"Failure to make the records available, during business hours, within five days after the presentation of the written authorization, may subject the person or entity having custody or control of the records to liability for all reasonable expenses, including attorney's fees, incurred in any proceeding to enforce this section.

"All reasonable costs incurred by any person or entity enumerated above in making patient records available pursuant to this section may be charged against the person whose written authorization required the availability of the records.

" 'Reasonable cost,' as used in this section, shall include, but not be limited to, the following specific costs: ten cents ($0.10) per page for standard reproduction of documents of a size 8 1/2 by 14 inches or less; twenty cents ($0.20) per page for copying of documents from microfilm; actual costs for the reproduction of oversize documents or the reproduction of documents requiring special processing which are made in response to an authorization; reasonable clerical costs incurred in locating and making the records available to be billed at the maximum rate of sixteen dollars ($16) per hour per person, computed on the basis of four dollars ($4) per quarter hour or fraction thereof; actual postage charges; and actual costs, if any, charged to the witness by a third person for the retrieval and return of records held by that third person.

"Where the records are delivered to the attorney or the attorney's representative for inspection or photocopying at the record custodian's place of business, the only fee for complying with the authorization shall not exceed fifteen dollars ($15), plus actual costs, if any, charged to the record custodian by a third person for retrieval and return of records held offsite by the third person."

■ "Evidence Code section 1158 states a clear public policy of permitting a patient, before filing any action, to inspect and to copy any medical records concerning the patient. The legislative purpose behind the enactment is not stated, but its apparent goal is to permit a patient to evaluate the treatment he or she received before determining whether to bring an action against the medical provider. Section 1158 also enables the patient to seek freely advice concerning the adequacy of medical care and to create a medical history file for the patient's information or subsequent use. It operates to prevent a medical provider from maintaining secret notes which can be obtained by the patient only through litigation and potentially protracted discovery proceedings." (*National Football League Management Council v. Superior Court* (1983) 138 Cal.App.3d 895, 903 [188 Cal.Rptr. 337], fn. omitted.)

In *Lavine v. Hospital of the Good Samaritan* (1985) 169 Cal.App.3d 1019 [215 Cal.Rptr. 708] a hospital initially refused to provide the records required by section 1158. The plaintiff filed a complaint in which she sought declaratory and injunctive relief. The hospital then agreed to provide the requested records and in upholding an order refusing to provide the plaintiff with any further relief, the court stated: "Section 1158 . . . does not further define the 'proceeding to enforce the provisions of this section' to be pursued should a demand for inspection before commencement of suit be refused. Obviously, at that juncture some independent action or proceeding would have to be brought. . . . [¶] . . . [¶] Absent further legislative specification, it would appear that a petition for writ of mandate might well lie to compel compliance with section 1158 if access were wrongfully refused in violation of the statute." (*Lavine v. Hospital of the Good Samaritan, supra*, 169 Cal.App.3d at pp. 1022–1023, fn. 3.)

In 1996 the Legislature provided some of the absent specification in Code of Civil Procedure section 1985.7, which provides in part: "When a medical provider fails to comply with Section 1158 of the Evidence Code, in addition to any other available remedy, the demanding party may apply to the court for an order to show cause why the records should not be produced." The Senate Judiciary Committee analysis of the 1996 legislation states: "This bill would bring clarity to the law by permitting a patient to file an order to show cause. It would also further the legislative goals of allowing a patient to evaluate and seek advice concerning their medical treatment before deciding whether to file a lawsuit against a medical provider."[2] (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 3471 (1995–1996 Reg. Sess.) as amended Aug. 7, 1996.)

---

[2] Appellant's request for judicial notice of the legislative history for Code of Civil Procedure section 1985.7 is granted.

More recently in a related case, *Thornburg v. Superior Court* (2006) 138 Cal.App.4th 43, 51 [41 Cal.Rptr.3d 156] (*Thornburg I*), we found a copy service El Centro had retained for the purpose of responding to requests made under the statute was bound by section 1158's cost limitations. We stated: "Given section 1158's manifest purpose of limiting the cost of copying, we cannot construe the scope of the statute so narrowly and mechanically that the limitation is easily and effectively avoided by health care providers who attempt to contract away their responsibilities under the statute." (138 Cal.App.4th at p. 53.)

## III

Contrary to El Centro's argument, the face of the statute, its legislative history and the cases which have interpreted the statute all suggest that the cost limitation provisions of section 1158 may be enforced directly by patients.

■ "The question of whether a regulatory statute creates a private right of action depends on legislative intent. [Citations.] ■ In determining legislative intent, '[w]e first examine the words themselves because the statutory language is generally the most reliable indicator of legislative intent. [Citation.] The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context. [Citations.] These canons generally preclude judicial construction that renders part of the statute "meaningless or inoperative." ' " (*Goehring v. Chapman University* (2004) 121 Cal.App.4th 353, 375 [17 Cal.Rptr.3d 39].) ■ As Thornburg points out, in determining that refund provisions of the State Bar Act (Bus. & Prof. Code, § 6000 et seq.) gave law students of unaccredited law schools a private right of action against law schools, the court in *Goehring v. Chapman University* relied on the language of the statute itself and the absence of any administrative rules, procedures or " ' "*machinery for the submission, evaluation and resolution of complaints by aggrieved parties.*" ' " (*Id.* at pp. 377–380.)

Here the third paragraph of section 1158 appears to expressly contemplate direct enforcement by patients. The third paragraph subjects health care providers to liability for the reasonable expenses, including attorney fees, "in any proceeding to enforce this section." The reference to enforcement in "any proceeding" is of course broad rather than limiting and strongly suggests the Legislature did not intend to restrict the remedies available for enforcement of section 1158.

■ The hospital notes that under the terms of the third paragraph, private civil remedies are predicated on a health care provider's "failure to make

records available." Thus the hospital argues private civil remedies arise, if at all, only when a medical provider has failed entirely to make records available to a patient. The hospital's reading of the third paragraph is unpersuasive. The overall purpose of the statute is to provide patients with an expeditious means of obtaining and reviewing medical records before initiating litigation against medical providers. In imposing the cost limitations set forth in the fifth paragraph, the Legislature plainly recognized this purpose could be easily frustrated by unreasonable copying charges. (See *Thornburg I, supra,* 138 Cal.App.4th at p. 51.) Given these circumstances, the failure to make records available—which is the predicate to civil remedies—must be read as a failure to make records available *under the conditions required by the statute,* including in particular the cost limitations set forth in the fifth paragraph.

We note that the cases which have discussed section 1158, *National Football League Management Council v. Superior Court, Lavine v. Hospital of the Good Samaritan* and *Thornburg I,* have each assumed, without deciding, that patients have the right to directly enforce the statute. With respect to obtaining actual production of medical records, the assumption of those cases was of course confirmed by the Legislature when it enacted Code of Civil Procedure section 1987.5.

In light of the foregoing, it is clear to us the Legislature intended that patients have the right to enforce the cost limitations of the statute by way of a private right of action. Without the ability to enforce the statute privately, the cost limitations would, as a practical matter, be of little use to patients, who would have to pay the excessive fees and then wait for administrative action. Such a circuitous remedy would seriously undermine the utility of a procedure designed to assist patients in the short period of time before the statute of limitations on any potential medical malpractice claims expired. (See *Thornburg I, supra,* 138 Cal.App.4th at p. 51.)

In this regard we note that enforcement of the provisions of section 1158 is not expressly assigned to any administrative agency and that no administrative procedure or remedy is provided by the statute. As in *Goehring,* the absence of such an administrative remedy is telling. (See *Goehring v. Chapman University, supra,* 121 Cal.App.4th at p. 380.) Indeed, it distinguishes section 1158 from the cases the hospital relies upon. (See *Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 304–305 [250 Cal.Rptr. 116, 758 P.2d 58] [statute gives insurance commissioner power to enforce statute administratively]; *Farmers Ins. Exchange v. Superior Court* (2006) 137 Cal.App.4th 842, 855 [40 Cal.Rptr.3d 653] [same]; *Vikco Ins. Services, Inc. v. Ohio Indemnity Co.* (1999) 70 Cal.App.4th 55, 65 [82 Cal.Rptr.2d 442] [same].)

■ In sum section 1158 gives patients a private right of action to enforce its provisions, including its costs limitations. Accordingly, the trial court erred in granting the motion for judgment on the pleadings.

Judgment reversed. Appellant to recover her costs.

McConnell, P. J., and Haller, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 13, 2006, S147756.