Filed 8/11/23  Marriage of Cole CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re MARRIAGE of KIKIANNE and SCOTT COLE. | |
| ——————————————————— | A162601 |
| KIKIANNE COLE, | |
|   Petitioner and Appellant, | (Contra Costa County Super. Ct. No. D12-03933) |
| v. | |
| SCOTT COLE, | |
|   Respondent. | |

This appeal arises from a family law proceeding involving former spouses Kikianne Cole and Scott Cole.[1]  Kikianne contends the trial court abused its discretion in awarding Scott $6,000 in sanctions pursuant to section 271 of the Family Code.[2]  We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

We limit the background to the facts relevant to this appeal.

---

[1] Because the parties share the same last name, we will refer to them by their first names for the sake of clarity and intend no disrespect.

[2] All further statutory references are to this code unless otherwise specified.

1

In January 2021, Scott filed a motion to compel Kikianne's attendance at a deposition, citing the failure of Kikianne's counsel to agree to a rescheduled date after having received a continuance of a properly noticed deposition. Scott also requested $10,000 in attorney fees and costs as a sanction that is "just and reasonable under the circumstances." However, Scott's briefing did not cite section 271 as a basis for the sanctions.

Kikianne filed an opposition to Scott's motion, disputing Scott's claim that her deposition had been properly noticed. Thus, she contended, her counsel's conduct was not wrongful and did not warrant sanctions.

The court held a hearing and granted Scott's motion to compel and request for sanctions. As relevant here, the court indicated satisfaction with Scott's offer of proof regarding his request for attorney fees and costs as sanctions. Accordingly, it ordered Kikianne to pay $3,924 pursuant to Code of Civil Procedure sections 2023.010 and 2023.030 and to pay further sanctions in the amount of $6,000 pursuant to section 271.

Kikianne appealed.

## DISCUSSION

Section 271 permits a trial court to impose an award of attorney fees and costs as a sanction where the conduct of a party or their counsel "frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys." (§ 271, subd. (a); see *Featherstone v. Martinez* (2022) 86 Cal.App.5th 775, 783.) Notice and an opportunity to be heard must be provided to the party against whom the sanction is proposed. (§ 271, subd. (b).) An award of sanctions under section 271 is reviewed for abuse of discretion and will be overturned " 'only if, considering all of the evidence viewed most favorably in its support and indulging all reasonable

2

inferences in its favor, no judge could reasonably make the order.' " (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 995.)

On appeal, Kikianne no longer disputes whether her counsel's conduct warranted sanctions. Instead, she argues the trial court abused its discretion in making the $6,000 award because (1) she was not given the requisite notice under section 271 and (2) sanctions under section 271 are limited to attorney fees and costs, and here she claims the $6,000 award was not tethered to attorney fees and costs.

As a preliminary matter, we note Kikianne's opening brief fails to substantially comply with court rules requiring accurate citations to the record to support her factual assertions. (Cal. Rules of Court, rule 8.204(a)(1)(C).) Not only are record citations largely missing, but one document in the appellate record—to which Kikianne does not cite—contradicts the assertion in her opening brief that the court's minute order did not include an award of $6,000 as sanctions under section 271.

In any event, a party may be found to have forfeited review of contentions that were not raised in the proceedings below. For example, in *In re Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, a wife claimed the family court denied her an adequate opportunity to be heard on section 271 sanctions by not conducting a separate hearing. *Petropoulos* held the wife had forfeited that claim because she failed to request a separate hearing and instead acquiesced in the court's briefing schedule for written submissions on sanctions issue; she also failed to move for reconsideration or for a new trial on the issue. (*Id.* at p. 179; see *In re Marriage of Falcone & Fyke*, *supra*, 203 Cal.App.4th at pp. 983–984 [by not objecting at beginning of trial, party forfeited claim that all-purpose family court judge, and not the civil court judge, should have heard issue of attorney fees and sanctions]; see also

3

*Jansen Associates, Inc. v. Codercard, Inc.* (1990) 218 Cal.App.3d 1166, 1170 [attorney sanctioned under Code Civ. Proc., § 128.5 waived issue of inadequate statutory notice by failing to raise the issue during hearing, failing to request a further hearing, and failing to move for reconsideration].) Here, the record establishes that Kikianne failed to raise her present contentions when she had the opportunity to do so in the proceedings below.

True, Kikianne is correct that Scott's written briefing did not specifically cite section 271 as a basis for his sanctions request. However, Scott's briefing did in fact request $10,000 as sanctions for Kikianne's "subversive and deliberately confusing tactics," which had cost him "thousands of dollars in back and forth correspondence" and other attorney services.

Moreover, the arguments at the court hearing made crystal clear that Scott was seeking sanctions under section 271. When Scott's attorney expressly argued for section 271 sanctions in the amount of $6,000, the court questioned whether it had authority to award something more than the attorney fees and costs already incurred (i.e., $3,924). Scott's attorney clarified that the $6,000 in sanctions were being sought as attorney fees and costs, and she cited a case for the proposition that a section 271 sanction does "not have to be tethered to the actual number of hours or the amount of fees and costs incurred." The trial court then invited a response from Kikianne's attorney, who argued that the sanctions would be "totally inappropriate" because he and Kikianne did "nothing . . . to frustrate the policy of the law to encourage settlement or encourage cooperation." Kikianne's attorney made no objection on grounds of inadequate notice and made no contention that the request for $6,000 in sanctions went beyond the scope of attorney fees and

4

costs authorized by section 271.  Nor did he request a further hearing on the matter or move for reconsideration of the issue.

We note our agreement with Kikianne that section 271 does not authorize an award of sums that are not tethered to attorney fees and costs. (*Sagonowsky v. Kekoa* (2016) 6 Cal.App.5th 1142, 1144, 1153.)  But here, the transcript of the hearing and the trial court's statements and order on the matter are unclear as to whether and to what extent the $6,000 award was based on attorney fees and costs.  Because Kikianne had the opportunity to clarify these matters in the proceedings below but did not, application of the forfeiture doctrine appears particularly appropriate.

In sum, Kikianne's failure to raise her contentions to the trial court at the hearing or at any other point forfeits their review on appeal.

### DISPOSITION

The order awarding Scott $6,000 in sanctions pursuant to section 271 is affirmed.  Scott is entitled to his costs on appeal.

_____
Fujisaki, J.

WE CONCUR:

_____
Tucher, P.J.

_____
Rodríguez, J.

*Cole v. Cole* (A162601)